◼ In the Matter of ITT Avis, Inc., Respondent, v. Robert N. Tuttle, Appellant.— In a proceeding pursuant to CPLR 7503 (subd. b) to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County, entered August 13, 1968, which granted such stay. Judgment affirmed, with $10 costs and disbursements. No opinion. Brennan, Acting P. J., Hopkins, Munder and Martuscello, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and deny a stay of arbitration, with the following memorandum: Appellant was an employee of petitioner which is a subsidiary of International Telephone and Telegraph Corporation, hereinafter referred to as ITT. His employment agreement provided that "As compensation and consideration for the performance" of his services he would receive a salary of $25,000 per year, plus " Such awards, if any, under the Bonus Plan  *  *  *  of ITT as may from time to time be determined by the Bonus and Stock Option Committee of ITT " and plus " Such awards, if any, under the incentive compensation  *  *  *  plans of  *  *  *  Avis  *  *  *  as may from time to time be determined by the committee of  *  *  *  [Avis] administering such  *  *  *  Plans." The employment agreement further provided for the arbitration of " Any controversy concerning a question of fact arising under this agreement." Simultaneously with the execution of this employment agreement, appellant and ITT executed an option agreement which gave appellant an option to buy 1,500 shares of ITT at a low price, in specified amounts at specified times, the last being for 300 shares " on and after October 4, 1967 ". Petitioner terminated appellant's employment on September 30, 1967, four days before the date for exercise of the last option for 300 shares. At that time, petitioner still owed appellant $4,250 of $8,500 it had agreed to pay him for relocation of his home from Westchester to Long Island (at the request of petitioner's president) so that he would be closer to petitioner's offices. Moreover, petitioner did not pay appellant any bonus for the year 1967, even though the record indicates that it may have been a known trade custom (as well as the established practice between these parties) for executives like appellant to receive an annual bonus almost equal to his base pay. Appellant sought arbitration of his claims (a) to exercise the stock option, (b) for the $4,250 due him for relocation expenses and (c) for a bonus for 1967. Special Term granted a stay of arbitration and the majority in this court is affirming on the grounds (1) that the claims for a stock option and relocation expenses are not based upon the employment agreement, but upon separate, collateral agreements, and they consequently are not within the arbitration clause in the employment agreement; and (2) that the claim for a bonus does not raise a " question of fact" under the employment agreement and it therefore is not a matter to be arbitrated. I disagree with the majority's conclusions. The right to a stock option was expressly referred to in the employment contract; the option agreement, implementing that provision in the employment agreement, was executed simultaneously with the employment agreement; the two agreements should be read together and treated as one for the purposes of this controversy; and so read, the dispute about the stock option clearly comes within the ambit of the arbitration clause. Concerning the claim for relocation expenses, petitioner's request that appellant move closer to its home office and its promise to pay his relocation expenses obviously relate to appellant's performance of his duties as an employee; all of the parties' duties and rights vis-a-vis each other with respect to their employer-employee relationship are spelled out in the employment agreement; and hence the dispute about this item

also comes within the ambit of the arbitration clause. Finally, I believe there is a "question of fact arising under * * * [the] agreement" with respect to the claim for a bonus, in view of appellant's assertions that there is a known and recognized trade custom to pay such bonuses, that it was the parties' established practice during his five years of employment with petitioner for such bonuses to be paid, and that his employment agreement was based on that custom, practice and understanding. For these reasons I believe all the disputes herein involved come within the arbitration clause, and the stay of arbitration should have been denied.